IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SHANDON LAMONT SAMUELS**                                                   **PLAINTIFF**

V.                         **CASE NO. 5:19-CV-05157**

**DEPUTY REX; and**
**DEPUTY SELF**                                                           **DEFENDANTS**

## OPINION AND ORDER

Shandon L. Samuels, currently an inmate of the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), has filed a civil rights action under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis.*

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(e)(2).

### I.    BACKGROUND

According to the allegations of the Amended Complaint (Doc. 6), while Samuels was confined in the Washington County Detention Center in July and August of 2019, the floor in A-block, Q-pod was wet and slippery, causing Samuels to slip on three occasions. On one such occasion, Samuels injured himself, and Deputy Rex, who was present, did not pay attention to "anyone screaming at him to get medical attention" for Samuels. Samuels has sued Deputy Rex in his official capacity only.

On August 1, 2019, after falling the third time, Samuels alleges he asked Deputy

1

Self and a "black shirt" deputy to take him to "medical." Both refused. Deputy Self advised him to put his request on the kiosk. Samuels has sued Deputy Self in his official capacity only.

## II. LEGAL STANDARD

Under the IFP statute, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious; (2) fail to state a claim upon which relief may be granted; or, (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Section 1983 requires proof of two elements: (1) the conduct complained of must be committed by a person acting under color of state law, and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States.

2

## A. Eighth Amendment in General

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (quotations and citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).[1]

"A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

---

[1] The Eighth Circuit applies the Eighth Amendment standard to claims brought by pretrial detainees and convicted inmates. *Davis v. Oregon Cnty., Mo.*, 607 F.3d 543, 548 (8th Cir. 2010).

## B. Slip and Fall

"[S]lippery floors constitute a daily risk faced by members of the public at large." *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004). In *Reynolds*, the court noted that, in general, slippery prison floors do not make out an Eighth Amendment claim. *Id.* The *Reynolds* court was faced with the question of whether the fact that the prisoner was on crutches "presents sufficiently special or unique circumstances that require us to depart from the general rule barring Eighth Amendment liability in prison slip and fall cases." *Id.* at 1032. The Court concluded that "the hazard encountered by plaintiff was no greater than the daily hazards faced by any member of the general public who is on crutches, and that there is nothing special or unique about plaintiff's situation that will permit him to constitutionalize what is otherwise only a state law claim." *Id.; see also LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (slippery prison floors do not state even an arguable Eighth Amendment claim).

Further, Plaintiff has sued Deputy Rex in his official capacity only. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). To hold a governmental entity liable, a plaintiff must establish that a municipal policy or custom caused the deprivation of his constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989). This requires a plaintiff to prove the custom or policy was the moving force behind the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Samuels has not alleged the existence of a custom or policy that was the moving force behind the alleged constitutional violation. No plausible claim has been

stated.

## C. Denial of Medical Care

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104 (quotations and citation omitted). To state a claim, Samuels must demonstrate (1) that he suffered from objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs. *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009).

To show he suffered from an objectively serious medical need, Samuels must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

To establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (quotations and citations omitted). This is an "onerous standard," *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013), requiring a prisoner to "clear a substantial evidentiary threshold." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010). To establish the subjective prong, a plaintiff must show that an official "actually knew of but deliberately

disregarded his serious medical need." *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

Plaintiff's claim against Deputy Self is based solely on the fact that he told Samuels to submit a medical request on the kiosk instead of taking him to be seen by medical staff. Samuels does not allege he needed emergency medical care or that his injuries were so severe that it was obvious he needed to be seen immediately. There are simply no allegations that would support a claim that Deputy Self was deliberately indifferent to Samuel's serious medical needs.

Moreover, Samuels has sued Deputy Self in his official capacity only. Samuels has made no allegations about the existence of a custom or policy that was the moving force behind the alleged constitutional violation. No plausible claim has been stated.

## IV. CONCLUSION

For the reasons explained above the case is subject to dismissal because the claims asserted are frivolous and/or fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. **The Clerk is directed to enter a § 1915(g) strike flag on this case.**

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this dismissal would not be taken in good faith.

**IT IS SO ORDERED** on this 26th day of September, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE